UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WISCONSIN

In re:

Chris J. Hackbart,

Debtor.

Case No. 1-16-13658-13-CJF

Chapter 13

MOTION FOR RELIEF FROM STAY WITH IN REM RELIEF FOR REAL PROPERTY LOCATED AT N3297 OSTEGO ROAD, RIO, WISCONSIN, 53960

COMES NOW, Rushmore Loan Management Services, LLC, by its attorneys, BP Peterman Law Group, LLC, by Krysta L. Kerr hereby moves this Court (this "Motion"), pursuant to Sections 105(a), 362(d)(1), (2), and (4) of Title 11 of the United States Code, 11 U.S.C. §§101 et seq. (the "Bankruptcy Code"), and Rules 4001, 9013, and 9014 of the Federal Rules of Bankruptcy Procedure, for an entry of order: (1) terminating, annulling or modifying the automatic stay of section 362(e) and 1301(a) of the Bankruptcy Code, to permit Rushmore Loan Management Services, LLC to exercise its contractual and state law right to foreclosure its lien against the Debtor's real property located at N3297 Ostego Road, Rio, WI 53960 (the "Property") and to schedule a Sheriff Sale of the Property; and (2) confirming that the relief requested herein shall be binding in any other case under the Bankruptcy Code file by the Debtor or any other person claiming an interest in the Real Property. In support of its motion, Rushmore Loan Management Services, LLC states as follows:

1. Chris J. Hackbart, the "Debtor", commenced this case by filing a voluntary Chapter 13 Petition on October 28, 2016. This case is also the Debtor's eighth bankruptcy filed since foreclosure proceedings were initiated against the Debtor and the property.

2. Rushmore Loan Management Services, LLC is a party in interest in this case as it is secured creditor of the Debtor.

3. Subject matter jurisdiction exists pursuant to 28 U.S.C. §§157 and 1334.

4. This matter is a core proceeding within the meaning of 28 U.S.C. §157(b)(2)(G).

5. The statutory predicates for the relief sought herein are sections 105(a), 362(d)(1), (2), and (4) of Title 11 of the United States Code, 11 U.S.C. §§101 et seq. and Rules 4001, 9013, and 9014 of the Federal Rules of Bankruptcy Procedure.

6. On or about February 22, 2007, the Debtor and Faye A. Hackbart a/k/a Fayne A. Hackbart f/k/a Faye A. Gehrke a/k/a Fayne A. Gehrke (the "Co-Debtor")executed and delivered a note in writing (the "Agreement") to America's Wholesale Lender whereby the Debtor agreed to pay the the principal amount of $344,000.00, together with interest thereon in the manner provided therein. A true and copy of the Agreement is attached hereto as Exhibit "A".

7. The obligations evidenced by the Agreement are secured by a Mortgage (the "Mortgage") dated February 22, 2007, recorded August 15, 2007 with the Columbia County Register of Deeds as Document No. 769475 and given by the Debtor and Co-Debtor to Mortgage Electronic Registration Systems, Inc. as nominee for America's Wholesale lender, granting the a lien on the real property known as N3297 Ostego Road, Rio, WI 53960 (the "Mortgaged Premises"). A true and copy of the Mortgage is attached hereto as Exhibit "B".

8. Movant is the holder of the original subject Agreement endorsed in blank.

9. The total amount due and owing to the Movant under the Agreement and Mortgage is $531,308.56 as of October 31, 2016.

## BASIS FOR IN REM RELIEF FROM THE STAY

10. Section 362(d)(4) of the Bankruptcy Code authorizes this Court to grant a party in interest relief from stay "with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was a part of a scheme to delay, hinder or defraud creditors that involved multiple bankruptcy filings affecting such real property." 11 U.S.C. §362(d)(4).

11. The timing of the Debtors multiple bankruptcy filings – all of which occurred shortly before several scheduled Sheriff's sales constitute evidence of a scheme meant to hinder, delay or defraud. *See e.g., In re Muhaimin*, 343 B.R. 159, 179 (Bankr. D. Md. 2006) (finding that timing of filing can constitute evidence of a scheme to hinder, delay or defraud).

    a. Debtor's History of Bankruptcy Filings:

        i. Debtor's first bankruptcy filing was by the Co-Debtor on December 30, 2010 (Western District of Wisconsin, Case No. 3-10-19429-rdm) and was dismissed on February 11, 2011 following Co-Debtor's motion for voluntary dismissal.

        ii. Debtor filed his second bankruptcy on June 8, 2012 (Western District of Wisconsin, Case No. 3-12-13402-rdm) and was dismissed on February July 19, 2012 following Debtor's motion for voluntary dismissal.

        iii. Movant's predecessor had scheduled for June 11, 2012 a sheriff's sale of the Property, which was cancelled in light of Debtor's bankruptcy filing.

    iv. Debtor's third bankruptcy filing was by the Co-Debtor on September 24, 2012 (Western District of Wisconsin, Case No. 3-12-15286-rdm) and was dismissed on November 16, 2012 following Co-Debtor's motion for voluntary dismissal.

    v. Movant's predecessor had scheduled for September 24, 2012 a sheriff's sale of the Property, which was cancelled in light of Debtor's bankruptcy filing.

    vi. Debtor filed his fourth bankruptcy on September 6, 2013 (Western District of Wisconsin, Case No. 3-13-14444-rdm) and was dismissed on October 10, 2013 following Debtor's motion for voluntary dismissal.

    vii. Movant's predecessor had scheduled for September 9, 2013 a sheriff's sale of the Property, which was cancelled in light of Debtor's bankruptcy filing.

    viii. Debtor filed his fifth bankruptcy on December 16, 2013 (Western District of Wisconsin, Case No. 3-13-15930-rdm) and was dismissed on January 15, 2014 following Debtor's motion for voluntary dismissal.

    ix. Movant's predecessor had scheduled for December 16, 2013 a sheriff's sale of the Property, which was cancelled in light of Debtor's bankruptcy filing.

    x. Debtor filed his sixth bankruptcy on September 12, 2014 (Western District of Wisconsin, Case No. 3-14-13942-rdm) and was dismissed on November 3, 2014 following Debtor's motion for voluntary dismissal.

xi. Movant's predecessor had scheduled for September 15, 2014 a sheriff's sale of the Property, which was cancelled in light of Debtor's bankruptcy filing.

xii. Debtor filed his seventh bankruptcy on July 22, 2016 (Western District of Wisconsin, Case No. 3-16-12542-cjf) and was dismissed on August 22, 2016 following Debtor's motion for voluntary dismissal.

xiii. Movant had scheduled for July 25, 2016 a sheriff's sale of the Property, which was cancelled in light of Debtor's bankruptcy filing.

xiv. Debtor filed his eighth and subject bankruptcy on October 28, 2016. Movant had scheduled for October 31, 2016 a sheriff's sale of the Property, which was cancelled in light of Debtor's bankruptcy filing. On December 5, 2016 Debtor once again filed a motion for voluntary dismissal and on December 12, 2016 the Trustee filed a Motion to Dismiss as the Debtor was not eligible to be a debtor pursuant to Section 109(g)(1) of the Bankruptcy Code. Both motions are pending and are scheduled to be heard by the Court on January 9, 2017.

12. Further, in light of the fact that in each of his filings the Debtor has failed to file a confirmable plan or completed schedules, has voluntarily dismissed each of his cases after a few weeks, continues to proceed pro see and continues to file baseless motions and objections to the pending foreclosure action, it is clear that the Debtor is intent on abusing the bankruptcy system and further hindering the progress of the Rushmore Loan Management Services, LLC's foreclosure attempts due to his continued filings.

13. The debtor's efforts to hinder, delay Rushmore Loan Management Services, LLC have not been limited to filings in the bankruptcy court but also include numerous frivolous filings of motions and objections to sheriff sales and has recorded fraudulent documents with the Columbia County Register of Deeds to cloud title. All of Debtor's motions and pleadings have been struck by the Circuit Court and his recorded documents invalidated.

14. That additionally Debtor fraudulently Quit Claimed 5% of his interest in the subject property to Dennis Allen Fick ("Fick"), said Quit Claim Deed was recorded on June 21, 2010 as Document number 81080873.

15. That Fick filed a Chapter 13 Bankruptcy in the Northern District of Indiana as Case no. 15-10112. The only creditors listed on Fick's creditor's matrix was the Movant and its counsel. That Fick's bankruptcy was dismissed on March 3, 2015.

16. That Fick has also filed frivolous pleadings with the Circuit Court in an attempt to delay the foreclosure action. Fick's pleadings were struck as well by the Circuit Court. In response Fick filed an appeal (Sate of Wisconsin, Court of Appeals, District IV, Appeal No. 2016AP1193) of the Order striking his Answer; said appeal was dismissed on September 14, 2016 following Movant's motion to dismiss.

17. Under Section 362(d)(4) a Court need only find that creditor has been hindered, delayed or defrauded by multiple bankruptcy filings – there is no requirement to find that the Debtor's scheme hindered, delayed and defrauded the Creditor. *See In re Briggs*, 2012 Bankr. LEXIS 4120 at *12 (Bankr. N.D. Ill. Aug 31, 2012) ("Thus the court need not inquire into fraud if it finds there was hindrance or delay to the Movant. Here, [as in the case before the court at this time] the facts before the court make clear that each of the

Movant's attempt[s] to realize upon it right in state court was met with a bankruptcy filing. The hindrance and delay to the Movant is clear on its face.")

18. In this case it is clear that the actions of the Debtor and Fick, not only in bankruptcy court, have hindered and delayed the progress of the Creditor's foreclosure efforts.

19. Further, the Creditor has not received a payment from the Debtor towards the payment of his mortgage for more than seven (7) years and has been forced to, thanks to the Debtors numerous attempts to delay the progress of the foreclosure case, incur significant amount of funds to continue to try and enforce the rights afforded to them by the Note and Mortgage executed by the Debtor.

Accordingly, based upon the Debtor's intent to hinder, delay and/or defraud Rushmore Loan Management Services, LLC, Rushmore Loan Management Services, LLC is entitled to entry of an order confirming that any subsequent bankruptcy filing by the Debtor, or any other party claiming a title interest to the Property through the Debtor shall not operate as a stay of any act to enforce Rushmore Loan Management Services, LLC's lien against the property.

**WHEREFORE**, Rushmore Loan Management Services, LLC respectfully requests that this Court enter an order (1) terminating, annulling or modifying the automatic stay of section 362(e) and 1301(a) of the Bankruptcy Code, to permit Rushmore Loan Management Services, LLC to exercise its contractual and state law right to foreclosure its lien against the Debtor's real property located at N3297 Ostego Road, Rio, WI 53960 (the "Property") and to schedule a Sheriff Sale of the Property; and (2) confirming that the relief requested herein shall be binding in any other case under the Bankruptcy Code file by the Debtor or any other

person claiming an interest in the Real Property; and (3) entry of such other and further relief in favor of Rushmore Loan Management Services, LLC as is just and necessary.

Respectfully Submitted,

BP PETERMAN LAW GROUP, LLC
Attorneys for Rushmore Loan Management Services, LLC

By: /s/ Krysta L. Kerr
Krysta L. Kerr
SBN: 1090070